Filed 12/17/20  P. v. Shinn CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | A159952 |
| v. | (Mendocino County |
| NOAH A. SHINN, | Super. Ct. No. SCUKCRCR1015319) |
| Defendant and Appellant. | |

Defendant Noah A. Shinn appeals the summary denial of his Penal Code[1] section 1170.95[2] petition to vacate his conviction for voluntary manslaughter and for resentencing on other counts.  As we agree with the superior court that Shinn was not eligible for relief because he was not convicted of murder, we affirm.

## BACKGROUND

Shinn's conviction for voluntary manslaughter arose from an October 2010 home invasion robbery.  During the home invasion, Shinn remained outside while his three accomplices entered the home.  One

---

[1]    All further unspecified statutory references are to the Penal Code.

[2]    Section 1170.95 was enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015).

accomplice was shot and killed, while the other two accomplices and Shinn fled the scene and were later arrested. Following a preliminary hearing, the Mendocino County District Attorney filed an information charging Shinn with several felony offenses including first-degree murder of his accomplice (§§ 187, 188, 189), together with a special circumstance allegation that the murder was committed during a robbery (§ 190.2, subd. (a)(17)(G)).

In June 2012, to avoid a potential sentence of life without the possibility of parole, Shinn entered into a negotiated plea agreement. [3] To effectuate the plea agreement, the prosecutor filed a first amended information charging Shinn with voluntary manslaughter (§ 192, subd. (a)), alleging he had willfully, unlawfully and without malice aforethought murdered the victim upon a sudden quarrel and heat of passion, together with related special allegations that Shinn (1) personally used a .22 caliber revolver within the meaning of section 12022.5, subdivision (a)(1), and (2) furnished a firearm "to another for the purpose of aiding, abetting, or enabling that person or any other person to commit a felony" pursuant to section 12022.4. The amended information also had counts charging Shinn with possession of a firearm by a felon (§ 12021, subd. (a)(1)) and possession of ammunition by a felon (§ 12316, subd. (b)(1)).

During the change of plea proceedings, defense counsel recited the plea agreement, including that Shinn would plead guilty to all charges and admit to all special allegations in the first amended information and the court would sentence Shinn to a "stipulated" aggregate term. The agreement included the understanding that Shinn

---

[3] The plea agreement also covered charges filed in a second case which is not at issue here.

2

would waive any legal infirmities in the original information and first amended information, "any [section] 654 issues" with regard to the imposition of consecutive terms, and all appellate rights with respect to pretrial motion litigation and any legal infirmities in both charging documents. Shinn stipulated that there was a factual basis to support the charges alleged in the first amended information.

Thereafter, on June 29, 2012, Shinn was sentenced to the agreed upon 19 years and 4 months, consisting of 11 years for voluntary manslaughter, together with consecutive terms of 4 years for personal use of a firearm allegation, 3 years for furnishing a firearm allegation, 8 months for possession of a firearm by a felon, and 8 months for felon in possession of ammunition.

In February 2020, following the passage of Senate Bill No. 1437, Shinn, represented by counsel, filed a section 1170.95 petition and memorandum of points and authorities, seeking to vacate his conviction for voluntary manslaughter and resentencing on the remaining counts. After reviewing the petition and the court file (specifically the June 2012 amended information, felony plea and sentencing transcripts, and amended abstract of judgment), the superior court summarily denied the petition. It found Shinn was not eligible for relief as a matter of law because he was not convicted of murder – rather, he was convicted of voluntary manslaughter and other charges not relevant here. As voluntary manslaughter convictions do not fall within the scope of section 1170.95, the court deemed a summary denial appropriate.

Shinn filed a timely notice of appeal.

## DISCUSSION

Shinn argues petitioners charged with murder but who pleaded guilty and were convicted of manslaughter[4] are eligible for section 1170.95 relief based on the rules of plain grammar, statutory construction, and relevant legislative intent. However, the courts of appeal have repeatedly rejected these arguments and consistently concluded that section 1170.95 relief is limited to petitioners convicted of murder, and not manslaughter. (See *People v. Paige* (2020) 51 Cal.App.5th 194, 201-204 (*Paige*); *People v. Sanchez* (2020) 48 Cal.App.5th 914, 918-920 (*Sanchez*); *People v. Turner* (2020) 45 Cal.App.5th 428, 436; *People v. Flores* (2020) 44 Cal.App.5th 985, 994-997; *People v Cervantes* (2020) 44 Cal.App.5th 884,887 (*Cervantes*).) These decisions are dispositive and do not require further discussion.

Shinn also argues section 1170.95 violates his constitutional rights to equal protection and substantive due process if it is read to preclude eligibility for petitioners who pleaded guilty to manslaughter in order to avoid a trial on a murder charge. Again, the courts of appeals have rejected similar constitutional arguments and consistently concluded that the Legislature's limitation of section 1170.95 relief to petitioners convicted of murder does not contravene the constitutional equal protection and substantive due process rights of petitioners convicted of manslaughter. (See *Paige, supra,* 51 Cal.App.5th at pp. 205-206 [rejecting equal protection argument]; *Sanchez, supra,* 48 Cal.App.5th at pp. 920-921 [rejecting equal

---

[4] In his reply brief, Shinn concedes that regardless of any issues regarding the factual basis for his plea, for purposes of section 1170.95 relief he stands convicted of voluntary manslaughter as a lesser-included offense to the originally-charged special circumstances murder.

4

protection argument]; *Cervantes*, *supra*, 44 Cal.App.5th at pp. 888-889 [rejecting equal protection and substantive due process arguments].) We find these decisions to be dispositive.

We therefore affirm the summary denial of the section 1170.95 petition because Shinn was not eligible for relief. In light of our resolution of this appeal, we do not address Shinn's other contentions.

## DISPOSITION

The February 18, 2020 order denying the Penal Code section 1170.95 petition is affirmed.

                                   _____

                                   Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P.J.

_____

Jackson, J.

*A159952/People v. Shinn*